Adam J. Berger
Sims G. Weymuller
Schroeter, Goldmark & Bender
810 3rd Ave., Suite 500
Seattle, WA 98104
(206) 622-8000
berger@sgb-law.com
weymuller@sgb-law.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YUE C. XIE, individually and as Personal Representative of the Estate of S.L., deceased,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Defendant. | NO.<br><br>COMPLAINT FOR MEDICAL NEGLIGENCE AND WRONGFUL DEATH |

I.   **JURISDICTION AND VENUE**

1.1   Plaintiff Yue C. Xie was, at all times pertinent hereto, a resident of King County in the State of Washington.

1.2   Plaintiff Yue C. Xie is the natural parent of S.L., deceased, and is the duly appointed Personal Representative of the Estate of S.L.. Plaintiff brings this action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C § 1346(b).

1.3   During all times relevant hereto, plaintiff Yue C. Xie was a patient of International Community Health Services ("ICHS") in Seattle, Washington. Daniel Copp, M.D. and Uyenvy Pham, M.D., as agents and employees of ICHS provided obstetrical, medical, and other related care to Ms. Xie for her pregnancy with S.L.

COMPLAINT – 1

1.4 At all times relevant hereto, ICHS, Dr. Copp and Dr. Pham were deemed employees of the United States Public Health Service pursuant to 42 U.S.C. § 233(g). The United States is the proper defendant in this action under that provision of law.

1.5 Plaintiff presented an administrative claim to the United States Department of Health and Human Services ("DHHS"). More than six months have passed and DHHS has not issued a final disposition. This lawsuit is thus timely pursuant to 28 U.S.C. § 2675.

1.6 Venue is proper under 28 U.S.C. § 1402(b) because plaintiff resides in this district and the alleged medical negligence and wrongful death occurred in this district.

## II. FACTS

Plaintiff re-alleges paragraphs 1.1 through 1.6 as though fully set forth herein.

2.1 On December 12, 2011, plaintiff Yue C. Xie was seen by Dr. Pham at ICHS for her initial obstetrical prenatal exam for her pregnancy with the fetus, S.L. Ms. Xie disclosed that her last menstrual cycle was on October 20, 2011 and her menstrual cycle was 24 days long. Ms. Xie was 41 years old at the time.

2.2 An estimated due date of July 26, 2012 was calculated based on a 28-day long menstrual cycle.

2.3 Ms. Xie underwent two ultrasound imaging studies for her pregnancy on January 16, 2012 and March 8, 2012, noting an estimated due date of July 19, 2012 based on fetal measurements.

2.4 Ms. Xie presented for prenatal care visits on July 19 and July 26, 2012. Induction of labor was scheduled for August 6, 2012, which Dr. Pham calculated at 41.5 weeks, if Ms. Xie did not deliver before then.

2.5     Ms. Xie presented to ICHS on Thursday, August 2, 2012 complaining of copious yellow vaginal discharge. Dr. Pham diagnosed Ms. Xie with bacterial vaginitis, and noted the scheduled induction of labor on August 6.

2.6     Ms. Xie presented again to ICHS on Friday, August 3, 2012 complaining of more copious green and yellow discharge. Gynecologic exam revealed copious yellow-green fluid in her vagina. Wet mount of the discharge was negative for clue cells and substantially worse for bacterial cells and white blood cells than on August 2. Dr. Copp prescribed metronidazole vaginal gel for treatment of bacterial vaginitis.

2.7     Ms. Xie presented a third time to ICHS on Saturday, August 4, 2012 expressing her desire to be induced before her scheduled induction. Dr. Pham examined the plaintiff and recorded severe bacterial vaginitis and thick yellow discharge. A fetal non-stress test was performed that Dr. Pham described as reflecting "moderate variability, +1 acel (barely) [and] no decels;" "no entirely reactive strip but not really concerning." Dr. Pham declined early induction and instructed Ms. Xie to present for the planned induction on August 6.

2.8     Contrary to Dr. Pham's interpretation, the non-stress test performed on August 4, 2012 was nonreactive and non-reassuring.

2.9     Plaintiff Yue C. Xie presented to Group Health Central Hospital for a scheduled post-date labor induction on the morning of August 6, 2012.

2.10    The initial evaluation of Ms. Xie revealed low to no fetal heart tones and a code blue was called.

2.11    An emergency caesarean section surgery was performed.

COMPLAINT – 3

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

2.12  Upon incising and entering plaintiff's uterus during caesarean surgery, scant amniotic fluid, thick meconium, and diffuse meconium staining were appreciated.

2.13  Baby S.L. had Apgar scores of zero upon delivery and did not have heart tones at any time after delivery.

2.14  Approximately 17 minutes after her delivery, after unsuccessful resuscitation attempts, plaintiff's newborn daughter, S.L., was pronounced dead.

2.15  S.L. died as the result of bronchopneumonia secondary to profound intrauterine infection and fetal distress. No other signs of trauma or abnormal features were noted on autopsy.

### III.  LIABILITY AND CAUSATION

Plaintiff re-alleges paragraphs 1.1 through 2.15 as though fully set forth herein.

3.1  At all material times in this case, Dr. Copp and Dr. Pham were acting as the actual, implied, or ostensible agents of ICHS.

3.2  ICHS is liable for all acts and/or omissions of its employees, agents or assigns.

3.3  ICHS, its employees, agents and assigns fell below the applicable standard of care during the medical, obstetrical, prenatal and other care provided to Yue C. Xie and S.L., including, but not limited to, one or more of the following ways:

    a.  misdiagnosing Ms. Xie's condition on August 2, 3, and 4 as bacterial vaginitis, despite the presence of multiple signs and symptoms inconsistent with that diagnosis;

  b. failing to consider and diagnose the presence of meconium in Ms. Xie's vaginal discharge on August 2, 3, and 4, which would have indicated fetal distress and prompted earlier induction of labor or delivery;

  c. failing to perform a post-dates evaluation of Ms. Xie on August 2, 3, or 4, including an ultrasound for amniotic fluid level and placental grade;

  d. failure to diagnose an intrauterine infection on August 2, 3, and 4; and

  e. failure to properly diagnose and respond to the nonreactive, non-reassuring fetal non-stress test on August 4 by attempting earlier induction or delivery.

3.4 As an institution providing health care services, ICHS owed plaintiff a duty to ensure adequate training of its employees and staff and to adopt and implement appropriate policies and procedures with respect to obstetrical and prenatal care. ICHS failed to ensure adequate training and adoption and implementation of appropriate policies and procedures to prevent injury and death of S.L. including, but not limited to, one or more of the following ways: post-dates evaluation for older pregnant women in the 41st gestational week or beyond; differential diagnosis and treatment of bacterial vaginitis, chorioamnionitis, and intrauterine infection; and interpretation of fetal heart monitoring strips. In these failures ICHS was negligent and fell below the applicable standard of care for this case.

3.5 ICHS, its employees, agents and assigns, owed plaintiff a duty to act as reasonably prudent healthcare providers in their care and treatment of plaintiff Yue C. Xie and S.L. ICHS, its employees, agents and assigns, in falling below the applicable standard of care in this case, were negligent in the medical, obstetrical, prenatal and other health care provided to plaintiff Yue C. Xie and S.L. The negligence of the ICHS, its employees, agents

COMPLAINT – 5

SCHROETER GOLDMARK *&* BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

and assigns was the proximate cause of the stillbirth of S.L. and plaintiff's damages as outlined below.

### IV. DAMAGES

Plaintiff re-alleges paragraphs 1.1 through 3.5 as though fully set forth herein.

4.1    Plaintiff decedent suffered the following damages which survive her death, including but not limited to: disease, disability, pain and suffering, lost earning capacity, and loss of the possibility of survival.

4.2    Plaintiff has suffered damages including, but not limited to, medical expenses, grief, and loss of the love, care, affection companionship, services, and consortium of the decedent.

4.3    The aforementioned damages are in an amount set forth in the administrative claim and are to be proven at trial.

### V. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for damages as set forth in paragraphs 4.1 through 4.3 above, for interest from the date of injury, for costs and disbursements in this litigation, for attorney's fees incurred in bringing this action, and for such other relief as the Court deems just and reasonable.

DATED this 25th day of February, 2014.

SCHROETER, GOLDMARK & BENDER

*s/ Adam J. Berger*

---

ADAM J. BERGER, WSBA #20714
SIMS G. WEYMULLER, WSBA #33026
Counsel for Plaintiff

COMPLAINT – 6